UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINGZHI HU., | § | |
| | § | |
| Plaintiff, | § | Cv. No. SA:13-CV-00060-DAE |
| | § | |
| vs. | § | |
| | § | |
| BROOKE ARMY MEDICAL | § | |
| CENTER, | § | |
| | § | |
| Defendant. | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION

On January 22, 2013, Plaintiff Lingzhi Hu filed a Motion to Proceed

in Forma Pauperis, attaching a proposed Complaint that brought malpractice

claims against the Booke Army Medical Center.  (Doc. # 1.)  On the same day,

Plaintiff filed a Motion for Appointment of Counsel.  (Doc. # 2.)  The Court

referred both Motions to the Magistrate Judge, who directed Plaintiff to respond to

a questionnaire in order to provide more information on her claim.  (Doc. # 4.)

On March 11, 2013, the Magistrate Judge granted Plaintiff's Motion

to Proceed in Forma Pauperis (doc. # 5) and filed a Memorandum and

Recommendation (doc. # 7) recommending that Plaintiff's Motion for

Appointment of Counsel be denied and that the above-entitled and numbered case

be dismissed with prejudice.  The Magistrate Judge found that Plaintiff's answers

to the questionnaire "establish[ed] that plaintiff [could not] state a claim upon which relief can be granted."  (Id. at 1.)  The Magistrate Judge's Memorandum and Recommendation also advised Plaintiff of her right to file specific written objections within fourteen days of being served and of the consequences of her failure to object.  (Id. at 5–6.)  The Memorandum and Recommendation was duly served by mail upon Plaintiff on March 12, 2013.  (Doc. # 8.)  However, Plaintiff filed no objections.

Where, as here, neither party objects to the Magistrate Judge's findings, the Court reviews the Memorandum and Recommendation for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

After careful consideration, the Court adopts the Magistrate Judge's Memorandum and Recommendation.  In Feres v. United States, the Supreme Court held that the government "is not liable under the Federal Tort Claims Act ('FTCA') for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."  340 U.S. 135, 146 (1950); accord Filer v. Donley, 690 F.3d 643, 648 (5th Cir. 2012).  Medical malpractice by a physician employed by the military, in a military hospital, and in the course of treatment of a person in active military service has been held to fall within "the course of activity incident to service."  Hayes v. U.S. on Behalf of U.S. Dep't of Army, 44 F.3d 377, 378–79  (5th Cir. 1995) (quoting Shults v. United States, 421 F.2d 170, 171–72

(5th Cir. 1969)).  Plaintiff was on active duty at the time of the alleged malpractice

by medical personnel employed by the military in a military hospital.

Accordingly, the Magistrate Judge's conclusion that Plaintiff cannot sue the United

States (which owns and operates the Brooke Army Medical Center) is neither

clearly erroneous nor contrary to law.

For the reasons given, the Court **ADOPTS** the Magistrate Judge's

Memorandum and Recommendation as the opinion of the Court; Plaintiff's Motion

for Appointment of Counsel is **DENIED**, and the above-entitled and numbered

case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:**  San Antonio, Texas, May 24, 2013.

_____
David Alan Ezra
Senior United States District Judge